STEPHEN W. GEARY (Cal. Bar No. 172875)
KYLE J. KAISER (Utah Bar No. 13924)
*Admitted Pro Hac Vice*
Assistant Utah Attorneys General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
E-mail: kkaiser@agutah.gov

*Counsel for Defendants*

CHRIS A. KNUDSEN (Cal. Bar No. 155897)
Senior Assistant Attorney General
CELINE M. COOPER (Cal. Bar No. 167902)
Supervising Deputy Attorney General
Office of the California Attorney General
600 West Broadway Suite 1800
San Diego, CA 92101
Telephone: (619) 738-9525
*Sponsoring Local Counsel*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dr. Aparna Vashisht-Rota, an individual, <br><br> Plaintiff, <br><br> v. <br><br> Utah Attorney General, Hon. Judge Fonnesbeck, an individual, <br><br> Defendants. | **DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND** <br><br> **Hearing Date:  November 21, 2022** <br><br> Case No.:  3:22-cv-00978 <br><br> Judge Ruth Bermudez Montenegro <br><br> Magistrate Judge Karen Crawford |

1

1

**INTRODUCTION**

2

3       Plaintiff Dr. Aparna Vashisht-Rota's currently active Complaint[1] seeks to hold the

4   Honorable Angela Fonnesbeck, a Utah District Judge, and Utah Attorney General Sean

5   Reyes liable for decisions made by Judge Fonnesbeck in Utah cases in which Dr.

6   Vashisht-Rota is a party.  Dr. Vashisht-Rota's currently active Motion for Leave to

7   Amend[2] seeks to add the "State of Utah," seven current and former members of the Utah

8

9   Court of Appeals, and Judge Morgan.

10      Though the parties are expanded, and the claims somewhat more elucidated than in

11  the active Complaint, they all suffer from the same fate as the claims in the active

12

13  Complaint—there is no personal jurisdiction over the defendants, defendants are entitled

14  to judicial immunity, the Court should abstain in ongoing or settled litigation, there is no

15

16  basis to apply California law extraterritorially, and the parties enjoy immunity over any

17  Utah state law claims.  Because the amended complaint would not survive a motion to

18

19

20

21
_____

22  [1] Doc. 1.  Because of the number of documents filed—and then withdrawn— by Plaintiff,
    it is difficult to ascertain exactly which pleadings are live.  Four documents filed by Dr.
23  Vashisht-Rota were struck because she did not have e-filing permissions.  (Docs. 14–18.)
24  Relevant to the present motion, she also filed a Motion for Leave to Amend First
    Amended Complaint and to Add Defendants (doc. 13), and filed summons returns for
25  that proposed Amended Complaint (docs. 24, 25) and then an errata clarifying certain
    Defendants' genders and capacities (doc. 27).  She then withdrew the whole lot of those
26  documents (doc. 30), when she filed yet another motion for leave to amend on October
27  18 (doc. 29).  She then withdrew *that* motion (doc. 32) a day later, when she filed yet
    another motion for leave to amend (doc. 31).
28  [2] Doc. 31.  *See* note 1, *supra*.

2

dismiss, allowing an amendment would be futile under Federal Rule of Civil Procedure 15.  Therefore, Defendants[3] oppose Dr. Vashisht-Rota's Motion for Leave to Amend.

### ADDITIONAL FACTUAL BACKGROUND

1. Plaintiff Dr. Aparna Vashisht-Rota complains of unequal treatment in lawsuits before the Honorable Angela Fonnesbeck, a District Judge of the First Judicial District in Utah. (*E.g.*, Prop. Am. Compl. Redline (doc. 31-2) at 3, Defs.' Mem of Points & Authorities in Support of Mot. to Dismiss (doc. 11-1), Facts ¶¶ 2–6.).

2. One case, District Court Case No. 200100119, (the "2020 Case") was appealed to the Utah Court of Appeals. In the appeal, the panel, comprised of proposed defendant-Judges Gregory Orme, Jill Pohlman, and then-Court of Appeals

---

[3] With the Motion for Leave, Dr. Vashisht-Rota attached proposed summonses and requested that they completed by the Clerk.  (*See* Docs. 31–3-14.) Through some mechanism, at least one of the summonses was signed by a deputy clerk.  (*See* Unnamed Summons, attached hereto as <u>Exhibit A.</u>)  These summonses were never recorded as issued on the docket.  Furthermore, the Summons in Exhibit A has a listed docket number of 33. *See* Ex. 1.  However, the current docket number 33 reflects that the document there was "[D]ocketed in error. Image removed per CA." (*See* docket.)  It appears, therefore, that the summonses were never actually issued.  Furthermore, because a party does not become a party until after a motion for leave to amend is granted, it does not appear that any of the proposed defendants are currently parties.  *See* Fed. R. Civ. P. 15(a)(2); *Tasio Commc'ns, Inc. v. Ubiquiti Networks, Inc.*, No. C-13-1803-EMC 833 UCC Rep. Serv. 2d 161, 2014 WL 1048710, at *8  (N.D. Cal. March 14, 2014) (unpublished) (recognizing, for the purpose of determining pre-suit notice, that a defendant "was not a party to this action until" the motion for leave to amend was granted). Accordingly, the motion is brought on behalf of the current parties, General Reyes and Judge Fonnesbeck.

Judge Diana Hagen[4] affirmed the vexatious litigant order entered in the district court against Dr. Vashisht-Rota, and adopted filing restrictions in the Court of Appeals.  *Vashisht-Rota v. Howell Mgmt. Servs.*, 503 P.3d 526, 532–33 (Utah Ct. App. 2021) (per curiam). The Utah Supreme Court denied discretionary review of the Court of Appeals' decision. *Vashisht-Rota v. Howell Mgmt. Servs.*, 509 P.3d 196, 196 (Utah 2022) (table op.). Certiorari to the U.S. Supreme Court is pending.

3.  The other case, District Court Case No. 170100325, (the "2017 Case") was also appealed to the Utah Court of Appeals.  On November 1, 2022, a panel of the Court of Appeals, including proposed defendants Senior Judge Kate Appleby, Presiding Judge Michele Christiansen Forster, and Judge Ryan Tenney, dismissed the appeal because Dr. Vashisht-Rota "continued to deluge the court with inappropriate filings that are antagonistic, conclusory, repetitive, and at times barely comprehensible" and "frustrate[d] the judicial process, especially in light of repeated warnings and the cautions of her own counsel."  Ord., *August Educ. Grp., LLC v. Howell Mgmt. Servs., LLC*, No. 2020713-CA (Utah Ct. App. Nov. 1, 2022) (attached hereto as Exhibit B.).

---

[4] Since then, Judge Hagen has been nominated and confirmed to the Utah Supreme Court. *See, e.g.*, Letter to Governor Spencer J. Cox from Jennifer Storie, Secretary of the Utah Senate (May 19, 2022), *available at* https://le.utah.gov/Session/ExtraordinarySessions/2022E9Letter.pdf (last visited Nov. 7, 2022)

4

4.  The allegations against proposed defendant Judge Morgan[5] are that Judge
Morgan "failed to note a voluntary dismissal in [the 2020 case] and wrongly
suggested that Plaintiff could face a motion for poor classification when he also
moot other paperwork in the case," (Prop. Am. Compl. ¶ 291) and that Judge
Morgan "failed to consider all the paperwork in [the 2017 case] and attempted
fraud with fabricated evidence and facts in conspiracy with Judge Fonnesbeck."
(Prop. Am. Compl. ¶ 292.).

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that the court "should freely
give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2).
However, court should deny the motion when an amendment would be futile. *See Doe v.
Galand*, 17 F. 4th 941, 950 (9th Cir. 2021).  "Futility of amendment is analyzed much
like a Rule 12(b)(6) motion to dismiss—an amended complaint is futile when it would be
subject to dismissal." *Pappy's Barber Shops, Inc. v. Farmers Grp., Inc.*, 491 F. Supp. 3d
738, 739 (S.D. Cal. 2020); *see also Kinney v. Cantil-Sakauye*, No 17-16988, 723 F.
App'x 562 (May 23, 2018) (unpublished mem. op.) (affirming dismissal of pro se

---

[5] Defendants assume that Judge Morgan is Judge Kirk M. Morgan, Presiding Judge of the
First District Juvenile Court.  *See, e.g., Judges' Biographies, First District Juvenile Court
Judges*, https://www.utcourts.gov/judgesbios/showGallery.asp?dist=1&ct_type=J (last
visited Nov. 7, 2022).  But because there are no non-conclusory facts about how a
Juvenile Court Judge would be involved in either of Dr. Vashisht-Rota's cases,
Defendants assumption is based solely on name and location.

5

plaintiff's complaint and denial of leave to amend on abstention and judicial immunity grounds).

## LEGAL ARGUMENT

Dr. Vashisht-Rota's Motion for Leave to Amend should be denied as futile for the same reasons articulated in Defendants' Motion to Dismiss and Memorandum of Points and Authorities in Support ("Defs.' Mem.") (docs. 11, 11–1), and their Reply Memorandum ("Defs.' Reply") (doc. 37). In particular:

- The State of Utah is not a "person" subject to suit under § 1983, preserves its Eleventh Amendment immunity to be sued in federal court for other claims, and enjoys sovereign immunity over any claims brought by Dr. Vashisht-Rota in this action. *See* (Defs.' Mem. at 11 n.3); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) *Franchise Tax Bd. of Calif. v. Hyatt*, __ U.S. __, 139 S. Ct. 1485, 1492, 1494 (2019); Utah Code § 63G-16-101(1).

- This Court lacks personal jurisdiction over all the newly named individuals (one Utah judge and seven current and former Judges of the Utah Court of Appeals), and Dr. Vashisht-Rota has not alleged, and cannot allege, sufficient contacts with California. (Defs.' Mem. at 12–15; Defs.' Reply at 3–4); *Walden v. Fiore*, 571 U.S. 277, 279, 284 (2014); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004); *Pyle v. Hatley*, 239 F. Supp. 2d 970, 981 (C.D. Cal. 2002).

- Judicial immunity—and the bar on injunctive relief found in the amendments of § 1983 by the Federal Courts Improvement Act—apply to all claims against the

6

newly named individuals, as they are all judges and took judicial action related to Dr. Vashisht-Rota's cases, and any new claims against Judge Fonnesbeck as well. (Defs.' Mem. at 15–17; Defs.' Reply at 3–5); *Acres Bonusing, Inc. v. Marston*, 17 F. 4th 901, 915 (9th Cir. 2021); *accord Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam).

- The Court should abstain from acting as an appellate court sitting in review of the Utah Court of Appeals' decision in the 2020 Case (as a cert petition is pending now), and should not enjoin the ongoing appeal in the 2017 Case (as Ms. Vashisht-Rota may petition the Utah Supreme Court for discretionary review of the Court of Appeals' decision, Utah R. App. P. 48(a)), and therefore should dismiss under the *Rooker-Feldman* or *Younger* abstention doctrine. (Defs.' Reply at 6–7.)

- No additional facts have been articulated against General Reyes to state a claim against him.  *See* Prop. Am. Compl. (adding no new facts against General Reyes). And the two paragraphs of facts against Judge Morgan do not state plausible legal claims for relief.  (Prop. Am. Compl. ¶¶ 291–92); s*ee also* (Defs.' Mem. at 22; Defs.' Reply at 8); *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008); *Yi Tai Shao v. Tsan-Kuen Wang*, 708 F. App'x 343, 344 (9th Cir. 2017) (unpublished mem. op.).

- The claims under California law fail because California law cannot apply extraterritorially.  (Defs.' Mem. at 23); *Russo v. APL Marine Servs., Ltd.,* 135 F. Supp. 3d 1089, 1906 (C.D. Cal. 2015) *aff'd*, 694 F. App'x 585 (9th Cir. 2007).

7

And the Utah state-law extortion and state constitutional claims fail to state a claim because the judges are entitled to judicial and governmental immunity, and the State is entitled to Eleventh Amendment and sovereign immunity. (Defs.' Reply at 9–10.)

.

## CONCLUSION

For the reasons stated, the Court should grant Dr. Vashisht-Rota's motion, dismiss the case, and deny leave to amend.

RESPECTFULLY SUBMITTED this 7th day of November, 2022.

OFFICE OF THE UTAH ATTORNEY GENERAL

/s/ *Kyle J. Kaiser*
KYLE J. KAISER
Assistant Utah Attorney General
*Counsel for Defendants*

8