STEPHEN W. GEARY (172875)
KYLE KAISER, *pro hac vice* (13924)
Assistant Attorneys General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
swgeary@agutah.gov
kkaiser@agutah.gov
*Counsel for Defendants*

CHRIS A. KNUDSEN (155897)
Senior Assistant Attorney General
CELINE M. COOPER (167902)
Supervising Deputy Attorney General
Office of the California Attorney General
600 West Broadway Suite 1800
San Diego, CA 92101
Telephone: (619) 738-9525
Sponsoring Local Counsel

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dr. Aparna Vashisht-Rota, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Utah Attorney General for the State of Utah, and Hon. Judge Fonnesbeck, an individual,<br><br>Defendants. | **STATE DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>Case No. 3:22-cv-00978<br><br>Judge Andrew Schopler |

Defendants Utah Attorney General and Hon. Judge Fonnesbeck, through counsel, hereby oppose Plaintiff Vashisht-Rota's Motion to Reconsider the Court's Order granting Defendants' Motion to Dismiss. In her Motion, Plaintiff requests this case be reopened pursuant to Federal Rules of Civil Procedure Rule 60(b). However, Plaintiff's motion is merely an attempt to have a second bite at the apple and satisfies none of the

1

requirements for granting such relief. Therefore, Defendants respectfully request this Court deny Plaintiff's Motion.

## BACKGROUND

This Court granted Defendants' Motion to Dismiss on August 23, 2024. Plaintiff then proceeded to file several documents characterized as a "Motion for Reconsideration" under Federal Rules of Civil Procedure Rule 60, including: (1) Motion for Reconsideration, Doc. No. 105, (2) Supplemental Briefing, Doc. No. 106, (3) Supplemental Document, Doc. No. 107, (4) Supplemental Document, Doc. No. 109, (5) Supplemental Document, Doc. No. 110, (6) Supplemental Briefing, Doc. No. 111, (7) Notice of Withdrawal of Documents 105–111, Doc. No. 112, and (8) Motion for Reconsideration re 104 Clerk's Judgment, 103 Order on Motion to Dismiss for Failure to State a Claim, Doc. No. 113. Given Plaintiffs' pro se status, Defendants take all pleadings into consideration and collectively refer to them as Plaintiff's Motion to Reconsider ("Pl. Mot."). Defendants respond as follows.

## LEGAL STANDARD

On motion and just terms, the Court may relieve Plaintiff from a final judgment under Rule 60(b) for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; (5) when the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. *American Ironworks & Erectors, Inc. v. North America Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001) (quoting FED. R. CIV. P. 60(b)). However, Federal courts have rejected Rule 60(b) motions when their primary function is to improperly attempt to relitigate the merits of previously dismissed claims. *See, e.g.*, *Greenspan v. Qazi*, No. 22-16110, 2024 WL 1461364, at *1 (9th Cir. Apr. 4, 2024) (unpublished); *Sanai v. Kozinski*, No. 4:19-CV-08162-YGR, 2021 WL 2383333, at *2 (N.D. Cal. Jun 10, 2021) (unpublished).

In her Motion, Plaintiff does not identify which of Rule 60(b)'s subsections her arguments are based on. Rather, Plaintiff cites to various "errors" allegedly made by the Court as a basis for relief. When it is unclear what subsection of Rule 60(b) a party seeks to assert as the basis for her motion, the district court will consider it under the subsection that most naturally applies to the motion's substance. *See Marroquin v. City of Los Angeles*, 112 F.4th 1204, 1216 (9th Cir. 2024) (citing *McKinney v. Boyle*, 404 F.2d 632, 634 (9th Cir. 1968)). Because Plaintiff does not cite to any newly discovered evidence, nor does she claim that the Southern District of California lacks jurisdiction, or assert that a judgment was satisfied, Defendants analyze her motion under subsections (1), (3), and (6) as those that most naturally apply to her arguments.

**LEGAL ARGUMENT**

**I.      Plaintiff is Not Entitled to Relief Under Rule 60(b)(1).**

Courts may grant parties relief under Rule 60(b)(1) where there is mistake, inadvertence, surprise, or excusable neglect because courts prefer to resolve cases on the merits. FED. R. CIV. P. 60(b)(1); *see also In re Gilman*, 887 F.3d 956, 964 (9th Cir. 2018). This rule refers to errors and missteps by the moving party and their counsel, *see id.* at 963–64, and relief under this rule is rare when there has been an adjudication on the merits. *Williams v. Cnty. of San Bernardino*, No. 23-55582, 2024 WL 3102797, at *1 (9th Cir. Jun. 24, 2024) (unpublished).

Plaintiff does not point to any mistake, inadvertence, surprise, or excusable neglect on her part that contributed to the final judgment. Instead, Plaintiff merely points to alleged errors and deficiencies in the court's reasoning while attempting to revive failed arguments. Accordingly, these efforts, without more, cannot support a claim for relief under Rule 60(b)(1).

## II. Plaintiff is not entitled to Relief Under Rule 60(b)(3).

Rule 60(b)(3) permits relief where there is fraud, misrepresentation, or misconduct by an opposing party, i.e. State Defendants. FED. R. CIV. P. 60(b)(3). To prevail under this subsection, "the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct," and that this conduct prevented the losing party from "fully and fairly presenting" their case. *Casey v. Albertson's Inc*, 362 F.3d 1254, 1260 (9th Cir. 2004) (citations omitted). Such fraud or misconduct must not have been discoverable by due diligence before or during the proceedings. *Id.* (citations omitted). Moreover, when a motion brought pursuant to this subsection is a clear attempt to relitigate a central issue on the merits, the motion will fail. *Id.* at 1261.

Here, Plaintiff has failed to carry her burden under Rule 60(b)(3). Plaintiff launches several allegations in her Motion; however, these allegations are at most conclusory statements. And such bald, unsubstantiated assertions do not prove by clear and convincing evidence that the verdict Plaintiff opposes was reached by this Court because of fraud, misrepresentation, or other misconduct by State Defendants or their counsel. Instead, these allegations try to disguise the fact that Plaintiff's motion is an attempt to relitigate issues that Plaintiff has already lost. Such efforts are not permitted on a motion to reconsider. Thus, Plaintiff is not entitled to relief under Rule 60(b)(3).

## III. Plaintiff is Not Entitled to Relief Under Rule 60(b)(6).

Rule 60(b)(6) is a catchall provision that depends on the exercise of a court's equitable power to reconsider its judgment. *Martinez*, 33 F.4th at 1262. A party who seeks relief under this subsection must show extraordinary circumstances that justify reopening the final judgment. *Id.* Extraordinary circumstances occur when there are "other compelling reasons for opening the judgment that prevented the movant from raising the basis of the motion during the pendency of the case." *Id.* This remedy is used sparingly to prevent manifest injustice. *Id.*

Plaintiff, citing *School Dist. No.1J, Multnomah Cnty., Or. v. ACandS, Inc.*, suggests that the court committed clear error or was manifestly unjust. *See* Pl. Mot. at 1 (citing 5 F.3d 1255, 1263 (9th Cir. 1993)).[1] Because these arguments fall outside of subsections 1–5, they are properly analyzed under subsection 6.

Nevertheless, Plaintiff does not carry her burden to show that there are extraordinary circumstances that justify reopening final judgment. Indeed, Plaintiff does not state any compelling reasons that prevented her from raising the basis of this motion during the pendency of the case. While Plaintiff, disappointed with the court's dismissal, believes the outcome to be unfair or unjust, disappointment is not a compelling reason to reopen a case.

Plaintiff attempts to bypass the issues identified in her original and amended complaints by arguing that, as a pro se plaintiff, the Court has a duty to ensure she does "not lose [her] right to a hearing on the merits of [her] claim due to ignorance of technical procedural requirements." Pl. Mot. at 2 (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). However, this Court's lack of subject matter jurisdiction over Plaintiff's claims and lack of personal jurisdiction over Defendants are more than mere "procedural" issues that could be rectified by a deadline extension. Further, Plaintiff has been granted several opportunities to amend her Complaint and establish jurisdiction, yet she remains unable to articulate a legal basis for relief. Accordingly, Plaintiff is not entitled to relief under Rule 60(b)(6).

## CONCLUSION

Plaintiff's motion is, first and foremost, an attempt to have a second bite at the apple by relitigating the merits of her case. Yet, "[a] bare rehashing of previous

---

[1] The Plaintiff in *School Dist. No. 1J*, relied on the Federal Rules of Civil Procedure, Rule 59(e) when it asked the Court to reconsider, whereas Dr. Vashisht-Rota relies on Rule 60(b) for her present motion. Each rule has its own unique standard that Plaintiff must meet to be entitled to relief, therefore, *School Dist. No.1J* is irrelevant to Dr. Vashisht-Rota's Motion. *See Sch. Dist. No.* 1J, 5 F.3d at 1263. Even if the Court considered the Rule 59(e) standard, Plaintiff still fails to present evidence supporting her claims of clear error or unjust treatment.

arguments cannot justify relief under Rule 60(b)...." *Cline v. CBSK*, No. SACV131720JLSJPRX, 2015 WL 13919077, at *2 (C.D. Cal. Oct. 13, 2015) (unpublished). Plaintiff has not carried her burden to show that she is entitled to relief under any of Rule 60(b)'s subsections. Thus, the court should exercise its discretion to deny Plaintiff's motion for reconsideration.

     RESPECTFULLY SUBMITTED THIS 11th day of October, 2024.

OFFICE OF THE UTAH ATTORNEY GENERAL

/s/ *Kyle J. Kaiser*
Kyle j. Kaiser
Assistant Utah Attorney General
*Attorney for State Defendants*