|  |  |  |
|---|---|---|
|  | UNITED STATES DISTRICT COURT | |
|  | SOUTHERN DISTRICT OF CALIFORNIA | |
| Aparna VASHISHT-ROTA,<br><br>Plaintiff,<br><br>v.<br><br>UTAH ATTORNEY GENERAL, et al.,<br><br>Defendants. | | Case No.: 22-cv-0978-AGS-KSC<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION (ECF 113)** |

Plaintiff requests that this Court reconsider the order dismissing this case because it was "erroneous" on several grounds. (ECF 113, at 2.) A motion to reconsider is appropriate only when a court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. IJ v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Yet plaintiff's motion to reconsider largely ignores this Court's order of dismissal, instead seeking to add new claims or otherwise assert other grievances against defendants and third parties. (*See, e.g.*, ECF 113, at 4–6, 8–12 (discussing new statutory sections unraised in earlier proceedings, including "alleged defamation," "oral modification of agreements," "theft of services," "obstruction of justice," and the "Unruh" Act).) None of that meets the limited bases for reconsideration.

A few of her arguments touch on this Court's rulings, and she presumably contends these decisions were "clear error." "In the context of a motion to reconsider, clear error occurs when the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *American Gen. Life Ins. Co. v. Le*, No. EDCV 22-0876JGB (KKX), 2024 WL 3005866, at *2 (C.D. Cal. May 17, 2024) (cleaned up). None of her arguments approach this high standard. For instance, without any citation to law, she argues that the defendant judge enjoys "no judicial immunity once [the] case [is] over," because plaintiff "is not a slave." (ECF 113, at 7 (cleaned up).) True as that last sentiment is, it doesn't alter the judicial-immunity analysis. After all, in *Stump*

*v. Sparkman*, 435 U.S. 349 (1978)—one of the primary authorities this Court relied on—judicial immunity applied long after the underlying case ended. Although the *Stump* plaintiffs sued the judge years after he approved the offending petition, the Supreme Court nonetheless ruled the judge "immune from damages liability" even if his years-old ruling was "in error." *Id*. at 352–53, 364.

Similarly, plaintiff never argues that this Court erred in concluding that it lacked personal jurisdiction over defendants. Rather, she suggests defendants must now "address her theft of services claims [against her ex-employer] as of September 25, 2023." (ECF 113, at 7.) Whatever that argument is, it certainly doesn't suggest this Court clearly erred in determining it lacked personal jurisdiction over Judge Fonnesbeck or the Utah Attorney General.

Finally, plaintiff takes aim at the Court's *Rooker-Feldman* analysis, but only by reviving arguments already twice dealt with in the Court's prior orders. Reconsideration motions are not "vehicles permitting the unsuccessful party to 'rehash' arguments previously presented." *United States v. Idaho*, No. 1:22-CV-00329-BLW, 2023 WL 3284977, at *2 (D. Idaho May 4, 2023) (cleaned up). Her attempts this time are no more persuasive than before, and certainly don't leave the Court with a firm conviction that it made an error. So, the motion to reconsider is denied.

Dated:  November 19, 2024

Hon. Andrew G. Schopler
United States District Judge