December 16, 2025

Cc: Court

Via: Email and Mail:

Hon. Judge Schopler:

Re - Orders in
3-20-00321
3-20-0959
3-20-0967
3-22-0978

FILED
Dec 18 2025
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  s/ mariafujita  DEPUTY

You are wrong. As seen below, you do not understand labor code 925. I don't have to litigate in Utah. This ended for me when I faced nonpayment harassment. HMS owed money in 10 days as per all the contracts and never paid. Utah did not rule on the merits of the second agreement at all so at Dkt. 80, I have declaratory relief for the first two agreements. I can use 925C to void Utah in the third agreement and proceed with a new trial. I am telling the truth. I am owed millions and have no way to end this matter. I also need the court to review this as see my damages. HMS refused to pay. Michael Hernandez was paid for life for 2 months of work while for 17 months, I worked for free and HMS did not pay.

Finally, the contract was terminated as of 2023 apparently, however, HMS still owes money from 12/17/15 till that date. Utah did not enter a default or serve a notice under URCP 55 A or B. Thus, I can sue them again for claims not in Utah or parties not in Utah. *LGCY Power, LLC v. Superior Court*, 75 Cal. App. 5th 844 (2022)1 and Utah does not have jurisdiction; *DePuy Synthes Sales, Inc. v. Howmedica Osteonics Corp.*, 28 F.4th 956 (9th Cir. 2022).

You are wrong because now men can void an out of state forum, and I can't. This dispute is under CA law and I have lost 10 years, a 10 year contract with Hernandez, same contractual dues from HMS, so HMS should end the dispute, not I. or the court can by voiding Utah or splitting the first two agreements at Dkt. 80.

Case 3:22-cv-00978-AGS-KSC Document 103 Filed 08/23/24 PageID.6773 Page 4 of 8

"As per §925B [sic], [p]laintiff can void an out of state forum . . . .")). Critically, this Code section applies to "a contract entered into, modified, or extended on or after January 1, 2017." Cal. Labor Code § 925(f). Vashisht-Rota believes that her contract falls within this legal framework because she was an "employee" under the Labor Code and her contract was "modified" after the statute's 2017 effective date, thanks to a 2019 agreement with opposing counsel. (ECF 78, at 11.) Thus, she reasons, "by July 23, 2019," her suit was no longer governed by Utah law, but by "California [Labor Code section] 925." (ECF 76, at 8, 9.)

We first observe Sewell's employment agreement set forth his position, job responsibilities, and compensation structure, and thus a change to any of these aspects would constitute a

1

modification to the written agreement. A modification to compensation has already been held to be sufficient to bring an employment contract within the purview of section 925. (*Midwest Motor Supply, supra*, 56 Cal.App.5th at pp. 715—716.) *Midwest Motor Supply* involved a written modification to an employment contract, which is not the case here. But this is irrelevant because Sewell's complaint avers that his pay structure "changed" in "April or May 2017." We liberally construe this allegation to mean that his new pay structure was effectuated in April or May 2017, resulting in an "executed" (not merely executory) modification to the employment agreement (Civ. Code, § 1698, subd. (b)). (*Ferrick v. Santa Clara University* (2014) 231 Cal.App.4th 1337, 1341 [complaint's allegations construed liberally in favor of pleader on demurrer].)

Put differently, we do not construe this allegation to mean that the parties agreed Sewell's pay structure would be changed but was never effectuated. Moreover, Sewell's and LGCY's complaints both allege Sewell was promoted from sales representative to regional sales manager, and Sewell's complaint further alleges his promotion to manager came with added job responsibilities. We therefore conclude that, for purposes of the demurrer, the alleged oral modifications to Sewell's position, job responsibilities, and compensation structure, occurring after January 1, 2017, were sufficient to bring Sewell's employment agreement 23. under section 925.6

I can request the court to use 925C to void Utah and the dispute will end as HMS will pay and move on. As the person without an attorney and with a sick child at the time of the contracts, I did not have counsel to negotiate the out of state forum and now Utah does not let me defend the only personal claim I can on my own.

**Record on Appeal.**

https://netorg7015503-my.sharepoint.com/:f:/g/personal/ken_reichlawgroup_com/EpHPXZt1Ic9KmgHUt6d6tm0B08iPgnS1YATe2vqfFfcO7Q?e=SyzCcs

**Supplemental Disclosures:**

https://www.dropbox.com/home/AEG%20Rota%20Supplemental%20Initial%20Disclosures


Under 487m, California Code, Penal Code - PEN § 487m


(a) Notwithstanding Sections 215 and 216 of the Labor Code, the intentional theft of wages in an amount greater than nine hundred fifty dollars ($950) from any one employee, or two thousand three hundred fifty dollars ($2,350) in the aggregate from two or more employees, by an employer in any consecutive 12-month period may be punished as grand theft.

2

(b) For purposes of this section, "theft of wages" is the intentional deprivation of wages, as defined in Section 200 of the Labor Code, gratuities, as defined in Section 350 of the Labor Code, benefits, or other compensation, by unlawful means, with the knowledge that the wages, gratuities, benefits, or other compensation is due to the employee under the law.

(c) For purposes of this section, "employee" includes an independent contractor and "employer" includes the hiring entity of an independent contractor.

(d) Wages, gratuities, benefits, or other compensation that are the subject of a prosecution under this section may be recovered as restitution in accordance with Sections 1202.4 and 1203.1. This section does not prohibit the employee or the Labor Commissioner from commencing a civil action to seek remedies provided for under the Labor Code for acts prosecuted under this section.

(e) This section does not constitute a change in, and does not expand or limit the scope of conduct prohibited by, Section 487.

Thanks,

Aparna

*[signature]*

12/16/2025



 Gmail

Aparna Vashisht <aps.rota@gmail.com>

## Activity in Case 3:20-cv-00959-AGS-KSC Vashisht-Rota v. Ottawa University Order

**Aparna Vashisht** <aps.rota@gmail.com>   Tue, Dec 16, 2025 at 8:00 PM
To: "Nourani, Leila (LA)" <Leila.Nourani@jacksonlewis.com>, "Ireland, William" <wireland@hbblaw.com>, CASDdb_efile Schopler <efile_schopler@casd.uscourts.gov>, Kyle Kaiser <kkaiser@agutah.gov>, Timothy Horton <timhorton@timhortonlaw.com>, efile_sammartino@casd.uscourts.gov

I have sent this by mail too and asked HJS to resign and handover to Judge Sammartino.

thanks,
AVR
[Quoted text hidden]

📎 **Hon JSdocx.pdf**
170K

I COPIED OC & TOLD THEM ABOUT VOICEMAILS - NOT EX PARTE

LEGACY ADMIT
SEWELL

3-20-00321
3-20-00959
3-22-00978

Please RESIGN from my cases at least.

SCOTUS Petition Pending

**UNITED STATES POSTAL SERVICE** | **PRIORITY MAIL**

RECEIVED DEC 8 2025
US DISTRICT
SOUTHERN DISTRICT OF CA
BY          DEPUTY

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

**TRACKED ■ INSURED**


PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

**PRIORITY MAIL FLAT RATE ENVELOPE POSTAGE REQUIRED**

P  US POSTAGE PAID IMI
2025-12-17
92129
C4859317
Commercial
FLAT RATE PDD ENV
easypost
0901000023184

**USPS PRIORITY MAIL**

APARNA VASHISHT-ROTA
12396 DORMOUSE RD
SAN DIEGO CA 92129-4516

0003
C037

SHIP TO: CLERK OF THE COURT
333 W BROADWAY STE 420
SAN DIEGO CA 92101-3806

Re Orders 12/16/2025

**USPS TRACKING #**


9405 5361 0619 5292 1175 03